The order below is hereby signed.

Signed: November 19 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WALTER LEROY PEACOCK, | ) | Case No. 16-00615 |
| | ) | |
| Debtor. | ) | (Chapter 13) |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE MOTION TO
<u>LATE FILE PROTECTIVE PROOF OF CLAIM ON BEHALF OF DEUTSCHE BANK</u>

This addresses the debtor's unopposed *Motion to Late File Protective Proof of Claim* (Dkt. No. 78) dealing with a mortgage lien asserted by Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("Deutsche Bank"). I will permit the late filing of a proof of claim on behalf of Deutsche Bank. However, I will clarify that any confirmed plan will be viewed as providing for any lien held by Deutsche Bank only to the extent of the $200 amount set forth in the proof of claim, with any amount owed on the lien in excess of that $200 to be treated as not provided for

by the plan.

Although it is now time-barred from filing a proof of claim, Deutsche Bank filed an objection to confirmation of the debtor's prior proposed chapter 13 plan, asserting that it is owed prepetition arrears of approximately $505,147.47. The debtor has filed an amended plan which provides for Deutsche Bank, as the holder of an allowed secured claim, to retain its lien as required by 11 U.S.C. § 1325(a)(5)(B)(i), with the debtor maintaining post-petition payments directly while the case is pending, and the trustee curing in full all pre-petition arrears, costs, and fees. The debtor is engaged in litigation in the Superior Court of the District of Columbia in which he is challenging whether Deutsche Bank is the actual holder of the note secured by the lien on his property.

The debtor's motion seeks leave belatedly to file a proof of claim on behalf of Deutsche Bank setting forth $200 as the amount owed on the petition date in contrast to the $505,147.47 that Deutsche Bank asserts as owed on the petition date. Perhaps the debtor wishes to file a claim for only $200 so as to not be viewed as conceding that anything, beyond that token $200, is owed to Deutsche Bank as a secured debt. Obviously, it would be an injustice if Deutsche Bank is owed $505,147.47 as of the petition date and is secured by the debtor's property, but the debtor, upon obtaining confirmation of a plan and by invoking 11

U.S.C. § 1327(c),[1] were able to wipe out all of that debt as a secured debt, except for $200, by having filed a proof of claim for only $200 of arrears.

The debtor's ability to wipe out all but $200 of the lien for arrears would depend on whether the lien for arrears could be viewed as provided for in its entirety by the confirmed plan, and whether the confirmed plan provides (as contemplated as a possibility by 11 U.S.C. § 1325(a)(5)(B)(i)(I)(bb)) for the retention of the lien only until the debtor receives a discharge.[2]  It is an open question as to whether a creditor who files a proof of claim for arrears can, pursuant to 11 U.S.C. § 1327(c), loses any part of its lien for arrears that is not included on its proof of claim if the debtor's confirmed plan provides that all prepetition arrears owed the creditor are to be paid under the plan.  *See In re Davenport*, 544 B.R. 245, 255 (Bankr. D.D.C. 2015), discussing *Matteson v. Bank of America, N.A. (In re Matteson )*, 535 B.R. 156, 164–65 (6th Cir. BAP 2015).

---

[1]  Section 1327(c) provides:

Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest provided for by the plan.

[2]  The current proposed plan does not provide for retention of the lien to cease upon the debtor receiving a discharge, but the debtor might file an amended plan containing such a provision.

However, the debtor here, being the only one now with the right to file a proof of claim for the arrears owed Deutsche Bank, will effectively provide for only the $200 amount of arrears set forth in the proof of claim, and only that $200 ought to be viewed as affected by § 1327(c).  To make clear that any plan, if confirmed, is not to be viewed as extinguishing all but $200 of the lien claim, it is

ORDERED that the debtor is authorized to file a proof of claim for $200 of prepetition arrears on behalf of Deutsche Bank, but with any amount owed on any lien held by Deutsche Bank in excess of that $200 to be treated as not provided for by any confirmed plan and unaffected by 11 U.S.C. § 1327(c).

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.