## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

| | |
|---|---|
| Walter Leroy Peacock, DEBTOR | CASE NO. 16-00615-SMT |
| | TRIAL DATE: March 8, 2018 |
| Nancy Spencer Grigsby, TRUSTEE | CHAPTER 13 |

### RESPONSE TO MOTION TO RECONSIDER

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, Movant (Ocwen Loan Servicing LLC, Servicer) ("Movant") by and through undersigned counsel and responds to Debtor's Motion for Reconsideration filed herein at Docket #105 and in support thereof states as follows:

1. Debtor provides no valid reason for reconsidering the order lifting the automatic stay or any reason why a response was not filed sooner.

2. Debtor concocts a story about how he needed more time to seek additional documentation regarding ownership and/or possession of the original promissory note, but provides nothing in the way of substantive evidence that there has been some type of break through document that proves he does not owe a debt to Movant.

3. Debtor raised the issue that the Movant herein was not the holder of the note as far back as April 2016 when they filed an opposition to the motion for summary judgment in the judicial foreclosure case. (See Exhibit). It is flatly preposterous to believe that the Debtor has suddenly come into new evidence that they failed to disclose in the motion to reconsider.

4. The Debtor has been in this case for more than a year and has not made a single post-petition payment on the loan and provides no plan to repay those arrears to Movant.

5. The Debtor now owes $84,061.60 in post-petition payments for the property at 2920 Pennsylvania Ave SE. The Debtor has failed to provide any proof that Ocwen is not the servicer of this loan and has failed to provide any proof that some other lender is attempting to collect this debt. Indeed, the Chapter 13 plan filed on October 6, 2017 acknowledges that Deutsche Bank is in fact entitled to be paid in full so the assertion that somehow that debt is no longer owed rings hollow.

6. There being no cause to reconsider the Motion for Relief from stay, and the Debtor failing to provide the "new evidence" along with the motion or upon request placed with Debtor's counsel on March 13, 2018, it is requested that a $500.00 attorney fee be paid immediately to Ocwen Loan Servicing, LLC for having to respond to a frivolous motion to reconsider.

WHEREFORE, Respondent, by and through undersigned counsel respectfully requests that this honorable court deny the Debtor's Motion for Reconsideration and for such other and further relief as this court deems just and proper.

Respectfully Submitted,

/s/ Kyle J. Moulding, Esq.
Kyle J. Moulding # 30148
McCabe, Weisberg & Conway
312 Marshall Ave., Ste. 800
Laurel, MD 20707
(301) 490-3361
email: bankuptcymd@mwc-law.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was mailed, first class, postage prepaid, unless otherwise served by CM/ECF means on March 13, 2018 to:

Cathy Braxton
Law Office of Cathy Braxton LLC
300 New Jersey Avenue, NW
Ste. 900
Washington, DC 20001

Nancy Spencer Grigsby
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

                                              /s/ Kyle J. Moulding, Esq.