The document below is hereby signed.

Signed: March 19, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WALTER LEROY PEACOCK, | ) | Case No. 16-00615 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

The debtor's *Motion for Reconsideration* seeks to vacate an order entered on February 21, 2018, granting a motion for relief from the automatic stay filed by Ocwen Loan Servicing LLC ("Ocwen"), as a loan servicer on behalf of an entity I will refer to as Deutsche Bank.[1] The order permits Deutsche Bank to go forward with foreclosure proceedings, incident to a *Deed of Trust* securing payment of a *Note*, against real property owned by the debtor. The *Motion for Reconsideration* alleges that Deutsche Bank lacks standing to enforce the *Note*. For the following

---

[1] The motion for relief from the automatic stay indicated that it was being filed by Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2, Movant (Ocwen Loan Servicing LLC, Servicer).

reasons, I will deny the *Motion for Reconsideration*.

I

Under 11 U.S.C. § 362(a), the debtor obtained the benefit of the automatic stay when the debtor filed the petition commencing this case on November 30, 2016, as a case under Chapter 13 of the Bankruptcy Code (11 U.S.C.). In that regard, the petition was analogous to debtor, as a plaintiff, filing a complaint for an injunction, with the injunction being granted immediately, but with the enjoined parties free to show later that the injunction ought not stay in place. When the allegations of a creditor's motion for relief from the automatic stay show that the injunction (in the form of the automatic stay) ought not remain in place, and the debtor fails to oppose the motion, the court is free to take the allegations as admitted and to grant the motion for relief from the automatic stay.[2]

Ocwen filed the motion for relief from the automatic stay on January 31, 2018 (a year and two months afer the commencement of the case). The debtor failed to oppose the motion, and the court granted the motion on February 21, 2018. The debtor filed the *Motion for Reconsideration* on February 28, 2018, seeking under

---

[2] Even when a debtor opposes the motion, the burden of proof is on the debtor, except as to the issue of the debtor's equity in the property, to rebut the initial showing by the creditor that relief from the injunction (in the form of the automatic stay) ought not remain in place. *See* 11 U.S.C. § 362(g).

Fed. R. Civ. P. 59(e) to vacate the order.

The debtor does not contend that if the facts alleged in Ocwen's motion for relief from the automatic stay are taken as true, Ocwen nevertheless failed to show that relief from the automatic stay is appropriate. I review the grounds for granting relief from the automatic stay because they bear on the issue of the debtor's opportunities to contest Deutsche Bank's standing to enforce the *Note* and on the harm to Deutsche Bank arising from the automatic stay, matters pertinent to the issue of whether declining to vacate the order granting relief from the automatic stay would result in a manifest injustice.

Ocwen's motion alleged that Deutsche Bank holds the *Note* secured by the *Deed of Trust* that encumbers the real property at issue. Under 11 U.S.C. § 1322(b)(5), the debtor was entitled to propose a plan providing for the curing of prepetition arrearages on Deutsche Bank's claim within a reasonable time and maintenance of monthly payments while the case is pending. The debtor's confirmed plan provided, with respect to allowed secured claims, that the holder of such a claim would retain its lien, and, in relevant part, that:

> THE DEBTOR SHALL MAINTAIN POST-PETITION PAYMENTS DIRECTLY WHILE CASE IS PENDING AND THE TRUSTEE WILL CURE ALL PRE-PETITION ARREARS, COSTS, AND FEES OF THE FOLLOWING CLAIMS: . . .
> -- WITH FULL 100% PAYMENT PRO RATA:
> HSBC Bank USA National Association; Deutsche Bank

The debtor concedes, as was alleged in Ocwen's motion, that the

debtor has made no postpetition monthly payments to Ocwen (as servicer for Deutsche Bank) for the fifteen months the case has been pending.

Deutsche Bank is owed substantial prepetition arrearages, and the non-payment of the bulk of those arrearages is a harm pertinent to the Rule 59(e) *Motion for Reconsideration*.[3] The prepetition arrearages include, for example, interest that has accrued in excess of $333,000 on what was a $396,000 loan to the debtor.[4] The confirmed plan provided that the Chapter 13 trustee would pay any prepetition arrearages owed on any allowed secured claim of Deutsche Bank, but the Chapter 13 trustee is paying only $200 of the arrearages. This is because the Chapter 13 trustee only pays a claim when it becomes an allowed claim via the filing of a proof of claim. The debtor filed on behalf of

---

[3] Deutsche Bank is bound by the terms of the confirmed plan. Deutsche Bank filed no timely claim for the prepetition arrearages that the trustee would have been obligated to pay as directed by the confirmed plan. I need not decide whether, in light of that, the ongoing non-payment of the bulk of the prepetition arrearages would not have been a basis for granting relief from the automatic stay. However, that non-payment *is* pertinent to the issue of manifest injustice under Rule 59(e).

[4] As of January 9, 2018, Ocwen's motion alleged, interest of $373,764.51 had accrued on the debt. However, $39,775.12 of that interest had accrued as part of payments that were to be made postpetition. In addition to interest accrued prepetition, the prepetition arrearages include amounts of principal that were required to be paid as part of the missed monthly payments, plus various charges that accrued prepetition.

Deutsche Bank a claim for only $200 of prepetition arrearages.[5] Under the order confirming the plan, Deutsche Bank's lien, which extends to the monthly payments accruing postpetition as well as the claim for unpaid prepetition arrearages, will be unaffected by the revesting in the debtor of the property of the estate (including the property at issue here) upon completion of the plan.[6]  This was not altered by the debtor being allowed to file a proof of claim on behalf of Deutsche Bank for only $200 of the

---

[5] The time for Deutsche Bank (or the debtor on behalf of Deutsche Bank) to file a proof of claim expired.  The time for Deutsche Bank itself to file a proof of claim cannot be enlarged.  *See* Fed. R. Bankr. P. 3002(c) and 9006(b)(3).  However, the time for the debtor to file a proof of claim on behalf of Deutsche Bank could be enlarged under Fed. R. Bankr. P. 9006(b)(1) upon a showing that the debtor's failure timely to file a claim was the result of excusable neglect.  Pursuant to permission of the court, the debtor filed a proof of claim for Deutsche Bank in the amount of $200 (perhaps as a vehicle for filing an objection to the claim based on lack of standing, but no objection to claim was ever filed).

[6] The order confirming the plan:

> ORDERED, that notwithstanding 11 USC §1327(c), if a timely proof of claim has not been filed for a claim, the property vesting in the debtor under 11 USC §1327(b) shall remain subject to any lien securing the claim except to the extent that the claim would not be an allowed secured claim under 11 USC §506(a) and the claim is discharged under 11 USC §1328[.]

5

prepetition arrearages.[7]

Cause existed to grant relief from the automatic stay. The debtor has made no postpetition monthly payments to Ocwen (as servicer for Deutsche Bank) for the fifteen months the case has been pending. Ocwen's motion showed that there is no equity cushion protecting Deutsche Bank's claim against the property.[8] That lack of an equity cushion will result in Deutsche Bank not being able to collect from the property the continuing postpetition monthly accruals of interest and other charges under the *Note* and the *Deed of Trust*. That established cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1), and it also establishes harm to Deutsche Bank, relevant to the issue of whether vacating the order granting the motion for relief from the automatic stay would result in a manifest injustice.

In addition, also relevant to that issue of manifest

---

[7] In authorizing the filing of the $200 proof of claim out of time, the court:

> ORDERED that the debtor is authorized to file a proof of claim for $200 of prepetition arrears on behalf of Deutsche Bank, but with any amount owed on any lien held by Deutsche Bank in excess of that $200 to be treated as not provided for by any confirmed plan and unaffected by 11 U.S.C. § 1327(c).

[8] Ocwen's motion alleged that the amounts owed pursuant to the *Note* and *Deed of Trust* held by Deutsche Bank exceed $951,000; and that the debtor's schedules list the property as having a current market value of only $389,711.00. There is no equity cushion from which the continuing accruals of interest on Deutsche Bank's claim can be collected.

injustice is Deutsche Bank's substantial claim for prepetition arrearages.  Except for $200, that claim is not being paid under the debtor's confirmed plan, and reinstating the automatic stay to bar collection of the claim would harm Deutsche Bank.  In contrast, there is little harm to the debtor in letting Deutsche Bank attempt to foreclose on the property: there is no equity in the property.[9]  And the debtor has not contended that the debtor can deal with such arrearages under the confirmed plan if allowed to file a belated proof of claim for the full amount of such arrearages.  The confirmed plan provides for payments to the trustee aggregating only $40,196.92, and the debtor has not suggested that the debtor could increase plan payments in order to cure the prepetition arrearages claim in excess of $333,000 and still sufficiently fund other amounts the trustee is required to pay under the plan.

II

When the debtor failed to oppose Ocwen's motion, the court was entitled to conclude that the debtor had not shown that there was any reason to keep in place the automatic stay the debtor had obtained by filing the petition commencing the case.  Under Fed.

---

[9] Deutsche Bank's claim alone exceeds the value of the property. Moreover, the debtor's schedules show that the property is also subject to a Second Deed of Trust securing HSBC Bank USA National Association in the amount of $496,980.00, so even disregarding Deutsche Bank's claim, there is, alternatively, no equity in the property based on the Second Deed of Trust.

7

R. Bankr. P. 9023, the debtor timely invoked Fed. R. Civ. P. 59(e) in seeking reconsideration, contending that Ocwen lacked standing to pursue relief from the automatic stay, but relief under Rule 59(e) is unwarranted.

The *Motion for Reconsideration* includes an allegation that:

> 8. The Debtor did not make mortgage payments to Ocwen Loan Servicing because upon reasonable information and belief, the Debtor does not trust that Ocwen Loan Servicing has standing to collect payments upon the note.

As is evident from that allegation, the debtor has questioned from the commencement of the case fifteen months ago whether Ocwen has standing to enforce the *Note*. Yet the debtor failed to file an opposition to Ocwen's motion for relief from the automatic stay denying the allegation that Deutsche Bank (for whom Ocwen acts as the loan servicer) holds the *Note*, and contesting the right of Deutsche Bank to have standing (and Ocwen on its behalf) to enforce the *Note* and obtain relief from the automatic stay. It is too late for the debtor to raise, via a Rule 59(e) motion, a defense of lack of standing that the debtor could have raised (but did not raise) by filing a timely opposition to the motion for relief from the automatic stay. As noted in *Odhiambo v. Republic of Kenya*, 947 F. Supp.2d 30, 35 (D.D.C. 2013):

> Rule 59(e) . . . 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128

>   S.Ct. 2605, 171 L.Ed.2d 570 (2008), quoting 11 Charles
>   Alan Wright & Arthur R. Miller, Federal Practice and
>   Procedure § 2810.1 (2d ed. 1995); *see also Estate of
>   Gaither ex rel. Gaither v. District of Columbia*, 771
>   F.Supp.2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is
>   well-established that motions for reconsideration,
>   whatever their procedural basis, cannot be used as an
>   opportunity to reargue facts and theories upon which a
>   court has already ruled, nor as a vehicle for presenting
>   theories or arguments that could have been advanced
>   earlier.") (internal quotation marks and citations
>   omitted).

*See also Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (noting that a Rule 59(e) motion "is not a vehicle to present a new legal theory that was available prior to judgment"); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) ("Nor do we find any abuse of discretion in the district court's refusal to vacate its judgment based on their allegedly valid ACAA claim as this argument was available to them earlier." (citations omitted)).  Because the lack of standing could have been raised as a defense to the motion for relief from the automatic stay, and was not raised, the *Motion for Reconsideration* under Rule 59(e) may not be used to raise that theory of defense now.  This is particularly true in the context of a motion for relief from the automatic stay which was granted based on failure to oppose the motion.  Under 11 U.S.C. § 362(e), procedures apply whereby the automatic stay may expire automatically if certain steps are not taken within the first 30 days and 60 days after the filing of the motion.  Vacating the order granting relief from the automatic stay would result in

those procedures having been frustrated, all because the debtor failed timely to oppose the motion for relief from the automatic stay.

Moreover, Rule 59(e) relief is inappropriate for other reasons. As noted in *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015), "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.' 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2012)." "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).

Here, the debtor's *Motion for Reconsideration* is not based on an intervening change of controlling law or the need to correct a clear error. Nor does it establish the existence of new evidence that was previously unavailable or the need for Rule 59(e) relief to prevent manifest injustice.

*Issue of New Evidence*. For two reasons, the debtor's invocation of "new evidence" does not justify granting Rule 59(e) relief. First, even if the debtor has new evidence, regarding Ocwen's lack of standing, that was not available until after the

deadline for opposing the motion for relief from the automatic stay it does not matter.  The debtor had the defense, *of which the debtor was aware since the commencement of the case*, that Ocwen lacked standing to pursue stay relief.  When the debtor failed timely to raise that defense, it forfeited the right to present evidence on that defense.  As noted previously, a Rule 59(e) motion may not be used "as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d at 10.  Even if the debtor has additional evidence supporting that defense, Rule 59(e) does not allow a litigant to present evidence on an available defense, known to the litigant, that the litigant failed to plead, whether the evidence the litigant seeks to present is the evidence the litigant already had available at the time of the pertinent deadline for raising the defense or includes additional evidence that was then unavailable to the litigant.  Had the debtor raised the lack of standing as a defense, whatever evidence it mentions in the *Motion for Reconsideration* would have been available at the hearing on the motion for relief from the automatic stay, which had been set to be held, if an opposition were timely filed, for March 8, 2018, a date *after* the debtor filed the *Motion for Reconsideration.*  Indeed, the debtor could have opposed the motion for relief from the automatic stay and taken discovery of

11

Ocwen to obtain additional evidence concerning the issue of standing to use at the hearing or at a continued hearing.

Second, the *Motion for Reconsideration* does not allege that the debtor has actually obtained new evidence after the deadline for filing an opposition to the motion for relief from the automatic stay. In pertinent part, the part of the *Motion for Reconsideration* laying out the facts alleges:

> 3. The Debtor did not timely file an opposition to the motion to lift the stay, as the Debtor was seeking additional documentation regarding ownership and or/possession of the original promissory note in this matter in an attempt to respond to the motion substantively.
> 4. The Debtor seeks to cure this omission by providing additional information to this Court during an evidentiary hearing as to why this motion for reconsideration should be granted, and the Motion to Lift the Automatic Stay held over for an evidentiary hearing before this Court.
> 5. Upon information and belief, Ocwen Loan Servicing does not have possession of a true and legitimate promissory note in this matter.
> 6. Upon information and belief, the blank endorsement on the promissory note presented to this Court is a forgery. The party in possession of a fraudulent note is not considered to be the legitimate note holder in an instance such as this when the endorsement in blank is forged.

None of these allegations assert that the debtor has obtained new evidence that was unavailable when the deadline expired for opposing the motion for relief from the automatic stay. Moreover, whatever evidence the debtor seeks to present is not identified, leaving the court unable to determine whether, if the evidence had been presented, it would have sufficed to prove a

lack of standing.

The debtor further alleges in the "Law and Analysis" portion of the *Motion for Reconsideration* that "evidence has been discovered by the Debtor that points to Ocwen Loan Servicing not being the appropriate holder of the promissory note for the property at issue, and therefore, not having standing to file a motion to lift the automatic stay in this matter," but the debtor fails to point to any such evidence, fails to indicate when the evidence was discovered, and fails to articulate how the evidence demonstrates that Ocwen is an "inappropriate holder" of the *Note*.

*Issue of Manifest Injustice*. Rule 59(e) relief, based on manifest injustice, is not available to a party who "could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004). *See also Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018); *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). Because the debtor could have raised the defense of lack of standing in a timely opposition to the motion for relief from the automatic stay, there will be no manifest injustice in declining to permit the debtor to present evidence on that issue now. Moreover, the debtor had the opportunity to object to the claim that the debtor filed on behalf of Deutsche Bank but failed to do so. See n.5, *supra*. In addition, the order granting the motion for relief

13

from the automatic stay will have no collateral estoppel effect with respect to the issue of lack of standing. The order granting relief from the automatic stay is no bar to the debtor's raising lack of standing as a defense to Deutsche Bank's enforcing the *Note* incident to foreclosure proceedings. Accordingly, there will be no manifest injustice if the lifting of the automatic stay is not vacated.

Further weighing against the debtor on the issue of manifest injustice are the respective harms to the parties that would arise if the order at issue is or is not vacated. The property has no equity, so there is little harm to the debtor if the property goes to foreclosure. In contrast, as discussed earlier, Deutsche Bank will be harmed if foreclosure proceedings are stayed. There is no equity cushion providing Deutsche Bank a collateral source for future interest and other accruals on its claim. In addition, a delay in collecting prepetition arrearages would also harm Deutsche Bank. The balance of potential harms weighs against finding that a manifest injustice will result if the order granting relief from the automatic stay is not vacated.

III

Based on the foregoing, it is

ORDERED that the *Motion for Reconsideration* is DENIED.

[Signed and dated above.]

Copies to: E-recipients of orders.